IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-92(1) |
| | § | C.A. No. C-05-081 |
| FRANCISCO RODRIGUEZ, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION
TO DISMISS AND DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND ORDER
DENYING CERTIFICATE OF APPEALABILITY**

On February 16, 2005, the Clerk received from Movant Francisco Rodriguez ("Rodriguez") a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (D.E. 17).[1] On March 14, 2005, he filed an amendment to his § 2255 motion, which the Court has also considered. (D.E. 19). The government filed its response and motion to dismiss on May 2, 2005. (D.E. 22, 23). As discussed herein, Rodriguez validly waived his right to file the claims raised in his § 2255 motion. Because the Court finds the waiver to be valid and enforceable, Rodriguez's § 2255 motion is DISMISSED WITH PREJUDICE. Additionally, Rodriguez's remaining motions (D.E. 24, 25) are DENIED AS MOOT.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1]  Docket entry references are to the criminal case, C-04-92.

1

## II.  FACTS AND PROCEEDINGS

On March 10, 2004, Rodriguez was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 147 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B).  (D.E. 1).

On April 29, 2004, Rodriguez pleaded guilty pursuant to a written plea agreement. (D.E. 6, 7).  In exchange for his guilty plea to count one and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive maximum credit for acceptance of responsibility, and to recommend a sentence within the applicable guideline range. (D.E. 7 at ¶1).

The plea agreement also contained a voluntary waiver of Rodriguez's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 9 at ¶ 7)(emphasis in original).

The agreement is signed by Rodriguez and he testified at his rearraignment that he read it and discussed it with his attorney, and that he understood and signed it. (D.E. 20, Rearraignment Transcript ("R. Tr.") at 12-13).

The Court questioned Rodriguez under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion:

> THE COURT: The agreement that you have reached is an agreement for a recommended sentence to me. I do not have to follow the recommendations. If I don't follow those recommendations made to me at sentencing, you cannot take back your plea of guilty I will make the decision on your sentence. And if you don't like it, I regret that you won't like it, but you can't take back your plea of guilty, and you will serve the sentence as announced by the Court. And that's true because each of you are giving up your right of appeal. There's nobody that's going to second guess my decision. That's a choice that you're making, I'm told, and you'll also be giving up your right to file any type of later federal habeas corpus proceeding that would be attacking your conviction and your sentence. Do you understand, Mr. Rodriguez?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: And have you talked to your attorney about all these matters of waiving your appeal and your right to later attack your conviction and your sentence? Have you done that? ... Mr. Rodriguez?
>
> THE DEFENDANT: Yes, I have.
>
> ...
>
> THE COURT: ... Do you want to give up your right of appeal?
>
> THE DEFENDANT: Yes, sir.

> THE COURT: ... And do you want to give up your right to file a petition under Title 28, United States Code, Section 2255 to later attack your conviction and your sentence? Do you want to do that? ... Mr. Rodriguez?
>
> THE DEFENDANT: Yes, sir.

(R. Tr. at 14-15). It is clear from the foregoing that Rodriguez's waiver of § 2255 rights was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

On July 21, 2004, the Court sentenced Rodriguez to 168 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $100 special assessment. (D.E. 15, 16). Judgment of conviction and sentence was entered August 12, 2004. (D.E. 16). Consistent with his waiver of appellate rights, Rodriguez did not appeal. Rodriguez's § 2255 motion was received by the Clerk on February 16, 2005. (D.E. 17). It is timely.

### III.  MOVANT'S ALLEGATIONS

In his motion, Rodriguez argues that his sentence is unconstitutional pursuant to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). Specifically, he argues that his sentence was enhanced based on the Court's finding that he was a career criminal, and that this finding should have been made by a jury beyond a reasonable doubt. He further argues that Booker is retroactive and that he should be resentenced under the principles of Booker.

In his amendment to his motion (D.E. 19), he raises a claim in reliance on Shepard v. United States, 125 S. Ct. 1254 (2005). In pertinent part, Shepard held that a sentencing court cannot look to police reports in making the decision of whether a "generic burglary" offense qualified as a predicate "violent felony" under the Armed Career Criminal Act. Similarly, Rodriguez argues that he was sentenced as a career criminal because of this Court's finding that one of his prior convictions was a "violent offense." In fact, Rodriguez claims that it was a conviction for simple theft, and that there was no violence in the original charge and conviction by the State of Texas.[2] Thus, he contends that the Court erred in sentencing him as a career criminal.

### IV. DISCUSSION

**A.  28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir.

---

[2] Rodriguez's characterization of his prior offense is flatly contradicted by the record. Only two of Rodriguez's convictions were scored and used to determine him to be a career criminal. One of those was a drug trafficking offense; the other was a conviction for burglary of a habitation. (PSR at ¶¶ 24, 25). Burglary of a habitation is a listed under U.S.S.G. § 4B1.2(a)(2)(2003) as a "crime of violence" and is thus a proper predicate offense under the Armed Career Criminal Act. Indeed, this was acknowledged by his counsel at sentencing. (S. Tr. at 4-5). Rodriguez also testified that the PSR was correct. (S. Tr .at 4).

Thus, contrary to Rodriguez's assertions, his offense was not a "simple theft" nor was it a "generic burglary" offense that would require additional inquiry to determine whether it qualified as a predicate offense, as was the case under Shepard. Thus, Shepard is not on point. See generally Shepard, 125 S. Ct. 1254.

1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

**B.      Waiver of § 2255 Rights**

The Court need not address whether Rodriguez has procedurally defaulted his claims by failing to appeal, nor will the Court reach the merits of his claims. Rather, the Court concludes that his motion fails in its entirety because he waived his right to file the claims in his § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); see United States v. McKinney, 406 F.3d 744 (5th Cir. 2005)(enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker). Nowhere in his original motion does Rodriguez challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").[3] Thus, his claims are subject to the waiver, and are barred from consideration here.

---

[3]      Rodriguez does not assert a claim of ineffective assistance at any time during the proceedings.

6

**C.     Waiver of Booker Claim**

To the extent that Rodriguez is arguing that he should be able to avoid the waiver because he or his counsel did not anticipate Booker decision, his argument is unavailing. Cf. United States v. Nguyen, 235 F.3d 1179, 1184 (9th Cir. 2000)(rejecting argument that wavier was not knowing and voluntary because defendant did not realize how strong his potential appellate claims were at the time he entered into the plea agreement); United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999)("A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues–indeed, it includes a waiver of the right to appeal blatant error."). See also United States v. Hahn, 359 F.3d 1315, 1326-28 (10th Cir. 2004)(collecting authority and concluding that a waiver can be knowing and voluntary even when the defendant "does not know with specificity what claims of error, if any, he is foregoing").

Notably, several post-Booker cases have upheld waivers signed before Blakely v. Washington, 124 S. Ct. 2531 (2004), the case that Booker extended to the federal guidelines. In one, the Fifth Circuit has squarely held that "Blakely and Booker do not alter the plain meaning of appeal-waiver provisions in valid plea agreements." McKinney, 406 F.3d at 746-47 & n.5; United States v. Bond, 414 F.3d 542 (5th Cir. 2005). See also, e.g., United States v. Killgo, 397 F.3d 628, n.2 (8th Cir. 2005)(enforcing waiver of appeal rights as to Sixth Amendment claim, noting that "[t]he fact that [defendant] did not anticipate the Blakely or Booker rulings does not place the issue outside the scope of his waiver"); United

7

States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005)(upholding waiver of appeal rights signed prior to Blakely in case raising Booker claim); United States v. Blick, 408 F.3d 162 (4th Cir. May 27, 2005)(same); United States v. Bradley, 400 F.3d 459, 465-66 (6th Cir. 2005)(enforcing defendant's waiver of appeal signed prior to Booker as barring his Booker claim and collecting federal circuit court authority in agreement).

Moreover, as previously noted, a waiver of the right to appeal is enforceable so long as it is knowing and voluntary. White, 307 F.3d at 343-44; Wilkes, 20 F.3d at 653. Consistent with the foregoing authority, Rodriguez's waiver is valid and enforceable despite the fact that Booker and Shepard were decided after he signed it, and despite his failure to anticipate those rulings. Because his waiver bars all of the claims in his motion, his § 2255 motion is DISMISSED WITH PREJUDICE.

**D.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Rodriguez has not yet filed a notice of appeal, this Court nonetheless addresses the determination of whether he would be entitled to a COA.

See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings).

It is unnecessary for the Court to address whether Rodriguez's motion states a valid claim of the denial of a constitutional right, because he cannot establish the second Slack criteria. That is, the Court concludes that reasonable jurists could not debate the denial of Rodriguez's § 2255 motion on procedural grounds. Under the plain record of this case, this Court is barred from considering his motion due to his valid and enforceable waiver of his § 2255 rights. Accordingly, Rodriguez is not entitled to a COA.

### E.   Additional Motions

Since the government filed its answer and response, Rodriguez has filed two additional motions. The first has been docketed as a "Motion for Court to Issue an Order." (D.E .24). In it, he requests copies of the transcripts on file with the Court and also asks for additional time to file a reply (which he subsequently filed (D.E. 25), and the substance

of which has been considered by the Court). (D.E. 24). The second is titled by Rodriguez as "Additional Information" and simply provides additional argument concerning his claim under Shepard. (D.E. 25). Specifically, the document cites to several circuit court decisions applying Shepard in further support of his claim and also requests an evidentiary hearing to "correct" the "Shepard error." (D.E. 25 at 2-3). In light of the Court's disposition of his motion herein, both of those motions are DENIED AS MOOT.

## V. CONCLUSION

For the foregoing reasons, the government's motion to dismiss (D.E. 22) is GRANTED and Rodriguez's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (D.E. 17) is DISMISSED WITH PREJUDICE. Additionally, Rodriguez is DENIED a Certificate of Appealability. Rodriguez's remaining motions (D.E. 24, 25) are DENIED AS MOOT.

Ordered this 10th day of September 2005.

_____
HAYDEN HEAD
CHIEF JUDGE